## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| KIRSTEN ECKERT-SMITH, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____<br>)<br>) JURY TRIAL DEMANDED |
| OASIS MIDSTREAM PARTNERS LP, DANIEL BROWN, MATTHEW FITZGERALD, PHILLIP D. KRAMER, NICKOLAS J. LORENTZATOS, MICHAEL H. LOU, HARRY N. PEFANIS, TAYLOR L. REID, CRESTWOOD EQUITY PARTNERS LP, PROJECT FALCON MERGER SUB LLC, PROJECT PHANOM MERGER SUB LLC, OMP GP LLC, and CRESTWOOD EQUITY GP LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on October 26, 2021 (the "Proposed Transaction"), pursuant to which Oasis Midstream Partners LP ("Oasis" or the "Partnership") will merge with Crestwood Equity Partners LP ("Parent"), Project Falcon Merger Sub LLC ("Merger Sub"), Project Phantom Merger Sub LLC ("GP Merger Sub"), OMP GP LLC ("Oasis GP"), and Crestwood Equity GP LLC ("Crestwood GP," and together with Parent, Merger Sub, and GP Merger Sub, "Crestwood").

2. On October 25, 2021, Oasis GP's Board of Directors (the "Board" or "Individual Defendants") caused the Partnership to enter into an agreement and plan of merger (the "Merger Agreement") with Crestwood.

3. On December 7, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Oasis common units.

9. Defendant Oasis is a Delaware limited partnership and a party to the Merger Agreement. Oasis's common units are traded on the NASDAQ under the ticker symbol "OMP."

10. Defendant Daniel Brown is Chairman of the Board of Oasis GP.

11. Defendant Matthew Fitzgerald is a member of the Board.

12. Defendant Phillip D. Kramer is a member of the Board.

13. Defendant Nickolas J. Lorentzatos is a member of the Board.

14. Defendant Michael H. Lou is President of Oasis GP and a member of the Board.

15. Defendant Harry N. Pefanis is a member of the Board.

16. Defendant Taylor L. Reid is a member of the Board.

17. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

18. Defendant Oasis GP is a Delaware limited liability company, the general partner of Oasis, and a party to the Merger Agreement.

19. Defendant Parent is a Delaware limited partnership and a party to the Merger Agreement. Parent's common units are traded on the New York Stock Exchange under the ticker symbol "CEQP."

20. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

21. Defendant GP Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

22. Defendant Crestwood GP is a Delaware limited liability company, the general partner of Crestwood, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Partnership and the Proposed Transaction*

23. Oasis is a leading fee-based master limited partnership formed by its sponsor, Oasis Petroleum Inc., to own, develop, operate, and acquire a diversified portfolio of midstream assets in North America that are integral to the crude oil and natural gas operations of Oasis Petroleum Inc.

24. On October 25, 2021, the Board caused the Partnership to enter into the Merger Agreement with Crestwood and Oasis GP.

25. According to the press release announcing the Proposed Transaction:

Crestwood Equity Partners LP (NYSE: CEQP) ("Crestwood") and Oasis Midstream Partners LP (NASD: OMP) ("Oasis Midstream") today announced that they have entered into a definitive merger agreement under which Crestwood will acquire Oasis Midstream in an equity and cash transaction valued at approximately $1.8 billion including the assumption of debt. The transaction will largely be equity financed with approximately 33.8 million of newly issued Crestwood common units and $160 million of cash consideration. The transaction is expected to close in the first quarter 2022, subject to customary closing conditions. . . .

Transaction Details

Under the terms of the agreement, Oasis Petroleum Inc. (NASD: OAS) ("Oasis Petroleum") will receive $150 million in cash plus an aggregate of 21.0 million common units in exchange for its 33.8 million common units held in Oasis Midstream. Oasis Midstream public unitholders will receive an aggregate of 12.9 million Crestwood common units in exchange for the 14.8 million Oasis Midstream common units outstanding. This represents a total transaction value of approximately $1.8 billion, including the assumption of Oasis Midstream's outstanding debt of approximately $660 million as of September 30, 2021. In addition, Oasis Petroleum will receive a $10 million cash payment for its ownership of the General Partner interest of Oasis Midstream. Upon closing, Oasis Midstream former unitholders will own approximately 35% of Crestwood's outstanding common units, of which, approximately 22% will be owned by Oasis Petroleum.
In connection with the transaction, Oasis Petroleum will receive the right to appoint two representatives to Crestwood's Board of Directors, subject to on-going ownership thresholds. This transaction has been unanimously approved by the Boards of Directors of both general partners of Crestwood and Oasis Midstream. The transaction terms were reviewed, negotiated and approved by the

conflicts committee of the board of directors of the general partner of Oasis Midstream. Additionally, Oasis Petroleum has agreed in a Support Agreement to vote its Oasis Midstream common units representing approximately 70% of Oasis Midstream common units in favor of the transaction. . . .

Advisors

J.P. Morgan Securities served as lead financial advisor, Intrepid Partners, LLC served as financial advisor, and Baker Botts L.L.P. served as legal advisor to Crestwood. Morgan Stanley & Co. LLC and Tudor, Pickering, Holt & Co. served as financial advisors to Oasis Petroleum and its affiliates and Vinson & Elkins L.L.P. served as legal advisor to Oasis Petroleum and its affiliates. Jefferies served as financial advisor, and Richards, Layton & Finger, P.A. served as legal advisor to the Conflicts Committee of Oasis Midstream.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

26.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

27.     As set forth below, the Registration Statement omits material information.

28.     First, the Registration Statement omits material information regarding the Partnership's and Crestwood's financial projections.

29.     The Registration Statement fails to disclose: (i) all line items used to calculate the projections; (ii) a reconciliation of all non-GAAP to GAAP metrics; and (iii) projected net income/loss.

30.     The disclosure of projected financial information is material because it provides equityholders with a basis to project the future financial performance of a company, and allows equityholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31.     Second, the Registration Statement omits material information regarding the analyses performed by the Partnership's financial advisor, Jefferies LLC ("Jefferies").

5

32. With respect to Jefferies' Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

33. With respect to Jefferies' Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values; (ii) the individual inputs and assumptions underlying the discount rates; (iii) Jefferies' basis for selecting the multiples used in the analyses; and (iv) the total fully-diluted outstanding common units used in the analyses.

34. When a banker's endorsement of the fairness of a transaction is touted to equityholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. The omission of the above-referenced material information renders the Registration Statement false and misleading.

36. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Partnership's unitholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Oasis

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Oasis is liable as the issuer of these statements.

39. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual

Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

40. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable equityholder will consider them important in making a decision regarding the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to equityholders.

42. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

43. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

44. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Crestwood, and Oasis GP

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants, Crestwood, and Oasis GP acted as controlling persons of Oasis within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Oasis GP and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants, Crestwood, and Oasis GP was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

49. Crestwood and Oasis GP also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

50. By virtue of the foregoing, the Individual Defendants, Crestwood, and Oasis GP violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants, Crestwood, and Oasis GP had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.


Dated: December 17, 2021                    **RIGRODSKY LAW, P.A.**

                                            By: */s/ Gina M. Serra*
                                                Seth D. Rigrodsky (#3147)
                                                Gina M. Serra (#5387)
                                                Herbert W. Mondros (#3308)
                                                300 Delaware Avenue, Suite 210
                                                Wilmington, DE 19801
                                                Telephone: (302) 295-5310
                                                Facsimile: (302) 654-7530
                                                Email: sdr@rl-legal.com
                                                Email: gms@rl-legal.com
                                                Email: hwm@rl-legal.com

                                            *Attorneys for Plaintiff*